## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07-CR-20052 |
| | ) | |
| | ) | |
| ORLANDO HILL, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AND OPINION

This matter comes before the Court on Mr. Hill's Motion (Doc. 49) for Reduced Sentence under Section 404(b) of the First Step Act. The government opposes the request (Doc. 50) and this Order follows.

The Fair Sentencing Act of 2010 ("FSA") amended 21 U.S.C. § 841(b)(1)(A) and (b)(1)(B) to increase the amount of crack cocaine a violation of 21 U.S.C. § 841(a) must involve to trigger mandatory minimums and accompanying statutory maximum sentences. Prior to the FSA, an offense involving 50 grams or more of crack cocaine triggered a 10-year mandatory minimum sentence, while an offense involving 5 grams triggered a 5-year mandatory minimum. Section 2 of the FSA amended § 841(b)(1)(A)(iii) by striking 50 grams and inserting 280 grams. It also amended § 841(b)(1)(B)(iii) by striking 5 grams from § 841(b)(1)(B)(iii) and inserting 28 grams. The FSA did not apply retroactively to defendants sentenced prior to August 3, 2010.

Section 404 of the First Step Act makes those changes retroactive. Section 404(a) defines a covered offense as a violation of a federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010. Section 404(b) then states "a

court that imposed a sentence for a covered offense may … impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed."

In May 2007, Mr. Hill was charged with two offenses. He was charged with knowingly possessing 5 grams or more of crack cocaine with intent to distribute and with possessing a firearm in furtherance of a drug trafficking offense. The government argues that Mr. Hill is not eligible for a sentence reduction under the First Step Act because Mr. Hill possessed 42.5 grams of crack cocaine at the time of his arrest. Had the Fair Sentencing Act been in place at the time, Mr. Hill would have been charged with possessing 28 grams of crack cocaine. An offense involving 28 grams of crack cocaine triggers a 5-year mandatory minimum sentence, the same minimum in place at the time of Mr. Hill's sentencing for possession of 5 grams of crack cocaine.

In spite of this, Mr. Hill remains eligible for a sentence reduction under the First Step Act. Eligibility is determined by the conviction amount, not the actual conduct. *United States v. Haynes*, No. 04-CR-20045-JES-DGB, Doc. #65, at 4 (C.D. Ill. May 1, 2019). The Seventh Circuit and other courts have rejected using relevant conduct to establish mandatory minimum sentences. *See United States v. Rodriguez*, 67 F.3d 1312, 1324 (7th Cir. 1995) (determining that a court looks to relevant conduct to establish quantities for the sentencing guidelines, but only looks to conduct that absolutely resulted in a conviction under the statute to establish mandatory minimum sentences).

Therefore, Mr. Hill is eligible for relief under the First Step Act because his conviction amount was for five grams of crack cocaine, a covered offense that he committed before August 3, 2010. Mr. Hill had a total offense level of 25 and a Criminal History Category of V. A prior

drug felony raised the statutory range of imprisonment to 120 to 125 months followed by a mandatory consecutive 60-month sentence for possession of a firearm in furtherance of a drug trafficking offense. Mr. Hill received the mandatory minimum sentence of 180 months' imprisonment followed by a mandatory minimum term of 8 years of supervised release. Today, an offense involving 5 grams of crack cocaine translates to a sentence of 0 to 30 years. As recalculated, Mr. Hill's base offense level drops from 28 to 24, lowering his final offense level from 25 to 21. His Criminal History Category remains V. This results in an amended guideline range of 70 to 87 months of imprisonment, followed by the mandatory 60-month sentence. Accordingly, Mr. Hill's new guideline range is 130 to 147 months of imprisonment followed by a mandatory minimum term of 6 years of supervised release.

To date, Mr. Hill has served 147 months. This is the cap of his amended guideline range. Upon review of the record, this Court finds that a sentence reduction to time served is warranted. Accordingly, Motion to Reduce (Doc. 49) pursuant to the First Step Act is GRANTED. Mr. Hill's supervised release is also reduced to a term of 6 years.

Signed on this 24th day of July, 2019,

/s James E. Shadid

James E. Shadid
United States District Judge